NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3849
_____

DEREK N. JARVIS,
                    Appellant

v.

MARY E. D'ANDREA, Clerk United States District Court Middle District of
Pennsylvania
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-01492)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 13, 2015)
_____

OPINION*
_____

_____
*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Derek N. Jarvis, proceeding pro se, appeals from the District Court's August 27, 2014, order dismissing his in forma pauperis civil rights lawsuit. We will affirm the District Court's order.

Jarvis's case arises out of an earlier lawsuit, Jarvis v. Analytical Laboratory Services, No. 12-0574 (M.D. Pa. 2012). After Jarvis's pro se complaint in that earlier action was dismissed, he filed a motion to reinstate his case, which the District Court denied on November 14, 2012. He then filed a notice of appeal to this Court; we concluded that his appeal was untimely and dismissed it for lack of jurisdiction. See C.A. No. 13-2416. In July 2014, Jarvis initiated the present action, bringing claims against Mary E. D'Andrea, the former Clerk of Court for the United States District Court for the Middle District of Pennsylvania. He alleged that the Clerk's Office failed to provide him with a copy of the November 14, 2012 order and failed to post the order to the judicial website Jarvis used to review orders issued in his case, resulting in his untimely appeal. His complaint included claims under 42 U.S.C. § 1983, alleging that he was deprived of due process and equal protection.

The Magistrate Judge screened Jarvis's complaint pursuant to 28 U.S.C. § 1915(e) and issued a report and recommendation that included the following recommendations: (1) Jarvis's complaint should be construed as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), rather than a section 1983 action, as it brings claims against a federal official; (2) Jarvis's Bivens

2

claims against D'Andrea are impermissibly based on a theory of <u>respondeat</u> <u>superior</u>; (3) any state law negligence claims against D'Andrea are barred by the Federal Tort Claims Act; and (4) D'Andrea is entitled to absolute quasi-judicial immunity. The Magistrate Judge recommended that the complaint be dismissed with prejudice. On August 27, 2014, the District Court adopted the report and recommendation, dismissed Jarvis's complaint with prejudice, and closed the case. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B). <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000).

Jarvis raises four issues on appeal, two of which merit discussion.[2] First, he argues that the District Court erred in construing his complaint as a <u>Bivens</u> action, rather than an action arising under section 1983. Second, he argues that the D'Andrea is not entitled to immunity from his claims.

As the Magistrate Judge explained, a <u>Bivens</u> action is the "federal equivalent" of the section 1983 cause of action against state actors, and will lie where the defendant has violated the plaintiff's rights under color of federal law. <u>Brown v. Philip Morris Inc.</u>, 250

---

[1] Jarvis filed his notice of appeal on September 5, 2014, and filed a motion for reconsideration that same day. The District Court denied his motion for reconsideration on January 9, 2015. Accordingly, Jarvis's notice of appeal became effective as to the District Court's August 27, 2014 order dismissing his case as of that date. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(i). However, we lack jurisdiction over the District Court's denial of Jarvis's motion for reconsideration, as Jarvis has not separately appealed it. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii).

[2] We have considered appellant's remaining claims but conclude that they are meritless

F.3d 789, 800 (3d Cir. 2001); <u>see also</u> <u>Paton v. La Prade</u>, 524 F.2d 862, 871 (3d Cir. 1975) ("a Bivens -type cause of action is the federal counterpart to claims under 42 U.S.C. § 1983").  Here, Jarvis's allegations arose in the context of D'Andrea's position as a federal official; accordingly, his complaint was properly classified as a <u>Bivens</u> action.  Moreover, we agree with the District Court that Jarvis's claims against D'Andrea were based on a theory of <u>respondeat</u> <u>superior</u>, which cannot form the basis of a <u>Bivens</u> action.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675-77 (2009).  Accordingly, we need not reach the issue of D'Andrea's immunity, but note that we agree that D'Andrea was entitled to immunity in her position as clerk of court, for the reasons given by the District Court.

Finally, under the circumstances of this case, the District Court did not abuse its discretion in denying leave to amend on the grounds of futility.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the judgment of the District Court.

---

and warrant no further discussion.